FILED
6/24/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAIAS DAVID GUARDIOLA,        ) | |
| )                                | |
| Plaintiff,                    ) | |
| )                                | |
| v.                              )  | Civil Action No.  20-1567 (UNA) |
| )                                | |
| UNITED STATES OF AMERICA,     ) | |
| )                                | |
| Defendant.                    ) | |

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of plaintiff's Complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff resides in the Netherlands.  He has sued the United States for a "claim" that "cannot be measured by any amount."  Compl. ¶ 3.  The complaint arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, which waives the United States' immunity with respect to claims for money damages based on certain tortious conduct.  Plaintiff alleges constitutional violations, *see* Compl. ¶¶ 7-9, for which the United States has not consented to be sued.  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994).  Regardless, before proceeding in federal court under the FTCA, the complainant must have first presented his claim for a sum certain "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition.  28 U.S.C. § 2675(a)-(b).  Under the law of this Circuit, the presentment requirement is "jurisdictional."  *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).  Nothing in the complaint suggests that plaintiff has pursued his administrative remedy, much less exhausted it.  Consequently, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

        SIGNED:    EMMET G. SULLIVAN
        UNITED STATES DISTRICT JUDGE

DATE:  June 24, 2020